## Conrad *versus* Shomo.

*Effect of Joinder of Husband and Wife in Mortgage on Real Estate bought by her.—Interest of Husband in Wife's Real Estate.*

1. The joinder of the husband in a mortgage given by a wife to secure promissory notes given by her for the balance of purchase-money for real estate bought by her, will not give him any legal or equitable interest therein.

2. Where the first payment made by the wife was shown to have come from her separate estate, and before the second, and only other payment was made, that she had much more than was necessary therefor, not derived in any way from her husband, the purchase was not in fraud of his creditors, and the title would vest in her.

Error to the Common Pleas of *Schuylkill county*.

This was an action of ejectment brought by John C. Conrad against John M. Shomo, for "a house and lot of ground situate in the borough of Pottsville, bounded northwardly by a ten feet wide alley, eastwardly by a lot of Daniel Sheiffly, southwardly by Norwegian street, and westwardly by lot of Philip Hoffa, Benjamin Pott, and John Green, containing in width ninety feet, and in depth ninety feet more or less." Issue was joined on the plea of not guilty.

The material facts of the case were these,—

On the 19th of May 1858, Daniel Sheiffly, who was the step-father of John M. Shomo, sold to Catharine Ann Shomo, the wife of John M. Shomo, a lot of ground on Norwegian street, Pottsville (on which were two frame houses), for $1200; $100 was paid at the time of sale, and eleven promissory notes for $100 each were made by Catharine Ann Shomo, and given to Mr. Sheiffly for the balance; all of which were secured by a mortgage upon the premises, executed by John M. Shomo and Catharine Ann Shomo to Sheiffly. One of these promissory notes was subsequently paid. Sheiffly had a policy of insurance in the Lycoming County Insurance Co. upon the houses on the lot conveyed to Mrs. Shomo, and upon the house on the adjoining lot, which was also owned by him. A part of this policy, amounting to $600, was transferred by Sheiffly to Mrs. Shomo. On the 14th of August 1858, the houses on the lot conveyed to Mrs. Shomo were burned down, and subsequently the insurance company paid over to her the insurance money, amounting to $600. With this money, and $400 additional, borrowed by her from Sheiffly, Mrs. Shomo erected a three-story brick house upon the lot of ground in question.

On the 9th January 1860 a judgment was entered in the Court of Common Pleas of Schuylkill county for $379.26, in favour of Henry Womelsdorf, against John M. Shomo and Jerome Harner, late partners, on which a *fi. fa.* was issued, and the property

8 Wr.—13

[Conrad *v.* Shomo.]

in question levied on as the property of John M. Shomo, and condemned. A *vend. ex.* was issued to June Term 1860, under which, on the 9th day of June 1860, the property was sold to John C. Conrad, the plaintiff, for the sum of $70. Conrad was also a judgment-creditor of John M. Shomo, and had a *fi. fa.* in the hands of the sheriff at the time the property was levied on under the *fi. fa.* of Henry Womelsdorf. At the sheriff's sale a notice, signed by Catharine Ann Shomo, was read, in which she notified bidders that she claimed the property as her own separate estate. The plaintiff brought this ejectment to recover possession of the premises from John M. Shomo, who at the trial set up the outstanding title in his wife as above recited. It was not proven that Mrs. Shomo ever had any separate estate. Her husband's mother, Mrs. Sheiffly, testified that she gave her the $100 to pay the down-money to Sheiffly, and said also that she "had given her money afterwards, not a great deal; sometimes I gave her $10; I don't know what she did with the money." It was not shown that Mrs. Shomo ever received any money, except that from her mother-in-law, and the insurance money and loan from Sheiffly, before mentioned.

It was contended at the trial, on the part of the plaintiff, that as John M. Shomo was liable and bound to pay the promissory notes given by his wife for the property, and as the wife could plead her coverture as a defence to an action upon them, that the law would treat the property as that of her husband. The learned judge who tried the cause refused so to instruct the jury, who found in favour of the defendant; which was the error assigned here.

*Franklin B. Gowan* and *B. W. Cumming*, for plaintiff in error.

*Campbell & Smith* (with whom was *John Bannan*), for defendant in error.

The opinion of the court was delivered, February 2d 1863, by STRONG, J.—The legal title is in the wife, for the conveyance was made to her. Only $200 of the purchase-money has been paid, and the verdict establishes that none of it was paid by the husband. The remainder is secured by mortgage upon the lots, but the husband is not responsible for a dollar of it. He did not join in the notes recited in the mortgage, and it is impossible to see how he has any equitable interest. The case bears no resemblance to Gamber *v.* Gamber, Keeny *v.* Good, and those which followed of the same class. Here it was distinctly shown that the first payment was made with money that did not come from the husband, or belong to him, and the jury has found that the second and only other payment was made with the wife's

money. And there was evidence upon this subject fit to go to the jury. It was clearly proved that the husband had nothing, and that the wife had money at the time when the payment was made, not derived from the husband, sufficient to make the payment many times over. There was no error, therefore, in the charge of the court.

Judgment affirmed.